UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

CIVIL ACTION NO. 3:12-410

In Re:

IMAGEPOINT, INC.,                                                                                        DEBTOR

IMAGEPOINT, INC. by JAMES R. MARTIN,                         PLAINTIFF
Secured Creditor

v.                               **OPINION AND ORDER**

BFS RETAIL & COMMERCIAL
OPERATIONS, LLC                                                                DEFENDANT

\* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the motion to dismiss or to transfer venue (DE 12) filed by the Defendant, BFS Retail & Commercial Operations, LLC.

The issue on this motion is whether this matter should be dismissed or transferred to the United States District Court for the Northern District of Illinois pursuant to the forum-selection clause contained in the contract between the parties. For the following reasons, the Court will grant the motion to transfer venue.

     **I.**        **Facts.**

On February 24, 2006, the parties to this action entered into an agreement by which ImagePoint agreed to repair and replace certain signs for BFS. (DE 12, Ex. A, Contract, ¶ 1.) ImagePoint asserts that, pursuant to the agreement, it provided products and services to BFS but that BFS has not paid it as required. ImagePoint asserts that BFS owes it $1,128,007.45. (DE 4, Amended Complaint ¶ 12.) It asserts breach of contract and quantum-meruit claims against BFS.

ImagePoint initially filed this as an adversary proceeding in the bankruptcy court for the Eastern District of Tennessee as part of its Chapter 11 bankruptcy case. (DE 4 at CM-ECF p. 1-2.) The case was later converted to a Chapter 7 bankruptcy. ImagePoint then moved without opposition to withdraw the reference of this matter to the bankruptcy court and this Court assumed jurisdiction over the matter.

The action is now brought by James R. Martin on ImagePoint's behalf. Martin was the president of ImagePoint from 1986 until 2006 and its CEO until it ceased operating in 2009. (DE 16, Martin Aff.) He is also a secured creditor of ImagePoint and was substituted as the Plaintiff in this matter because he has a contractual right to collect on ImagePoint's accounts receivable.

BFS now moves to dismiss this action under Federal Rule of Civil Procedure 12(b)(6) or to transfer it to the United States District Court for the Northern District of Illinois under 28 U.S.C. § 1404(a).

**II. Analysis.**

In support of it motion, BFS cites the forum-selection clause of the agreement between the parties which provides that "[t]he parties hereby agree that the *sole and exclusive* for[u]m for any litigation arising out of this Agreement *shall be* any appropriate state or federal court located in Cook County, Illinois." (DE 12, Ex. A, Agreement § 22) (emphasis added.)

In its response, ImagePoint does not dispute that the forum-selection clause is valid and enforceable. Instead, it argues that a motion to dismiss under Rule 12(b)(6) is not the proper mechanism to enforce the provision and that transfer to the Northern District of Illinois under 28 U.S.C. § 1404(a) is not appropriate because that forum is not more convenient than this one. It also argues that the clause does not apply to its quantum-meruit claim.

As to the proper mechanism to enforce a valid forum-selection clause, the law is far from clear and the Supreme Court has recently granted certiori to address this issue. *See Atlantic Marine Constr. Co. v. United States District Court for the Western District of Texas*, 133 S.Ct. 1748 (April 1, 2013); http://www.scotusblog.com/case-files/cases/atlantic-marine-construction-co-v-united-states-district-court-for-the-western-district-of-texas/ .

Under current controlling law, however, transfer of this case to the Northern District of Illinois under 28 U.S.C. § 1404(a) is appropriate. *See Stewart Org., Inc. v. Ricoh Corp. Org.*, 487 U.S. 22, 29, 32 (1988) (holding that § 1404(a) controls a party's request to enforce a forum-selection clause and to transfer a case to the selected forum.) *See also Kerobo v. Southwestern Clean Fuels, Corp.*, 285 F.3d 531, 539 (6th Cir. 2002) (holding that § 1404(a) controls whether a forum-selection clause should be given effect.) *But see Langley v. Prudential Mortg. Capital Co., LLC*, 546 F.3d 365, 369 (6th Cir. 2008) (indicating in dicta that a forum-selection clause may be enforced through a motion under either Rule 12(b)(6) or § 1404(a).)

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The decision requires an "individualized, case-by-case consideration of convenience and fairness," *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964), and the Court has broad discretion to decide whether or not to transfer a case. *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994).

In *Stewart*, the Supreme Court instructed that "[t]he presence of a forum-selection clause . . . will be a significant factor that figures centrally in the district court's calculus." 487 U.S. at 29. The Court must consider the convenience of the Illinois forum "given the parties' expressed

preference for that venue, and the fairness of transfer in light of the forum-selection clause and the parties' relative bargaining power." *Id*. While, under *Stewart*, the forum-selection clause is not dispositive, *id*. at 31, "forum-selection clauses generally are enforced by modern courts unless enforcement is shown to be unfair or unreasonable." *Security Watch, Inc. v. Sentinel Sys., Inc.*, 176 F.3d 369, 374 (6h Cir. 1999).

Generally, the moving party bears the burden of showing that transfer is appropriate and the plaintiff's choice of forum is entitled to considerable weight. *MSDG Mobile, LLC v. American Federal, Inc.*, No. 1:05-CV-123, 2006 WL 515531, at *6 (W.D. Ky Feb. 28, 2006). Where a valid forum-selection clause applies, however, the burden shifts to the plaintiff to show why he should not be bound by it. "A forum-selection clause should be upheld absent a strong showing that it should be set aside." *Wong v. PartyGaming, Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009). "The party opposing the application of the clause bears the burden of showing it should be set aside." *Id*.

In determining whether to transfer a case under § 1404(a), in addition to considering the forum-selection clause, the Court must "weigh a number of case-specific factors such as the convenience of the parties and witnesses, public-interest factors of systemic integrity, and private concerns falling under the heading 'the interest of justice." *Kerobo*, 285 F.3d at 537 (citing *Stewart*, 487 U.S. at 31) (internal quotations omitted).

Courts within the Sixth Circuit have identified nine factors which should be considered when ruling upon a motion to transfer venue under 28 U.S.C. § 1404(a):

> (1) the convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's

choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Perceptron, Inc. v. Silicon Video, Inc.*, 423 F. Supp. 2d 722, 729 (E.D. Mich., 2006).

With regard to convenience to the parties and witnesses, ImagePoint "must show that enforcement of the clause would be so inconvenient such that its enforcement would be unjust or unreasonable." *Wong*, 589 F.3d at 829. While some witnesses and the Plaintiff reside in Knoxville, some witnesses also reside in Illinois. Any inconveniences of this nature and any issues regarding the Illinois court's ability to compel Knoxville witnesses to appear before it can often be managed through videotaped deposition testimony. ImagePoint has made no showing that deposition testimony of these witnesses would not be adequate. It also appears that some documents are located in Knoxville. But, "[i]n an era of electronic documents, easy copying and overnight shipping, this factor assumes much less importance than it did formerly." *ESPN, Inc. v. Quicksilver, Inc.*, 581 F. Supp. 2d 542, 548 (S.D.N.Y. 2008). Regardless, ImagePoint is going to have to produce the documents to BFS in discovery at some point.

As to where the operative facts occurred, this is a dispute over a contract between a company located in Tennessee and a company located Illinois about work that occurred in various states. This factor does not strongly favor either forum. As to the forum's familiarity with the governing law, the agreement between the parties mandates not only that the sole and exclusive forum for any litigation shall be Illinois but also that it shall be governed by Illinois law. (DE 12, Ex. A, Agreement § 22.) As to the general preference for the Plaintiff's chosen forum, as discussed, this presumption is negated by a valid forum-selection clause. *See Braman v. Quizno's*, No. 5:07-CV-2001, 2008 WL 611607, at *5 (N.D. Ohio 2008). Instead, the clause should be "treated as a manifestation of the parties' preference as to a convenient forum."

5

*Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 880 (3rd Cir. 1995). *See also Egrsco, LLC v. Evans Garment Restoration,* LLC, No. 2:09-cv-358, 2009 WL 3259423, at *5 (S.D. Ohio 2009). Thus, the Plaintiff's first chosen forum was Illinois as reflected in the forum-selection clause.

ImagePoint also argues that, even if the forum-selection clause does require that its breach-of-contract claim be litigated in Illinois, the clause does not apply to its quantum-meruit claim. The clause applies broadly to "*any* litigation arising out of this Agreement." (DE 12, Ex. A, Agreement § 21) (emphasis added). With its quantum-meruit claim, ImagePoint asserts that it provided products and services to BFS pursuant to the agreement between the parties and that it would be unjust for BFS to retain those products and the benefit of the services without paying for them. Thus, the claim arises out of the agreement between the parties and is covered by the forum-selection clause. *See Interamerican Trade Corp. v. Companhia Fabricadora de Pecas*, 973 F.2d 487, 490 (6th Cir. 1992); *C. Thorrez Indus., Inc. v. LuK Transmissions Sys., LLC*, No. 5:09-CV-01986, 2010 WL 1434326, at * 5 (N.D. Ohio 2010).

The Court recognizes that ImagePoint argues that Martin has fewer resources than BFS. Nevertheless, considering all of the relevant factors and the strong preference for enforcing forum-selection clauses, *Wong*, 589 F.3d at 828, *Security Watch*, 176 F.3d at 374, the Court finds that the interests of justice warrants transferring this matter to the United States District Court for the Northern District of Illinois.

**III. Conclusion.**

For all these reasons, the Court hereby ORDERS that the Defendant's motion to dismiss pursuant to Rule 12(b)(6) or to transfer venue under 28 U.S.C. § 1404(a) (DE 12) is GRANTED in part and DENIED in part as follows:

1) The motion is GRANTED to the extent that the Defendant moves the Court to transfer this matter to the United States District Court for the Northern District of Illinois. The motion is otherwise DENIED; and

2) this matter is hereby TRANSFERRED to the United States District Court for the Northern District of Illinois.

Dated this 6th day of June, 2013.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge